United States Bankruptcy Court
Southern District of Texas

**ENTERED**

March 20, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 25-34536** |
| **LECIA A. TAYLOR,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| | § | **CHAPTER 13** |

## <u>MEMORANDUM OPINION</u>

Silver City Lending, LLC, seeks relief from the automatic stay in order to exercise its state court remedies against real properties that the debtor Lecia A. Taylor does not own but on which she guarantees the note, to collect rent from current tenants of the properties and/or evict them for failure to pay rent, and to confirm that the August 5, 2025, foreclosure of the properties by Silver City Lending, LLC, did not violate the automatic stay.[1] Silver City Lending, LLC's request for relief raises the question of whether a bankruptcy filing by a note guarantor implicates the automatic stay as to collateral which is not titled in the guarantor's name. On January 21, 2026, the Court conducted a hearing.

For the reasons stated herein, the automatic stay does not apply to the three real properties located at (1) 3014 Dacca Drive, Houston, Texas 77051, (2) 10903 Carlton Drive, Houston, Texas 77047, and (3) 20019 Bishops Gate Lane, Humble, Texas 77338, and Silver City Lending, LLC's foreclosure of the three real properties on August 5, 2025, was not a violation of the automatic stay.

### I.    FINDINGS OF FACT

---

[1] ECF No. 34, at 4-5.

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such. This Court made certain oral findings and conclusions on the record. This Memorandum Opinion supplements those findings and conclusions. If there is an inconsistency, this Memorandum Opinion controls.

### A. Background

1. On February 3, 2022 and March 9, 2022, a Texas limited liability company, YCUL, LLC ("*YCUL*") through its members, including Lecia A. Taylor ("*Debtor*"), refinanced three single family homes, to wit: (i) 3014 Dacca Drive, Houston, Texas 77051, valued at $136,288 ("*Dacca Property*"); (ii) 10903 Carlton Drive, Houston, Texas 77047, valued at $129,238 ("*Carlton Property*"); and (iii) 20019 Bishops Gate Lane, Humble, Texas 77338, valued at $188,725 ("*Bishops Property*") (together, the "*Properties*").[2]

2. The Carlton Property and Bishops Property were refinanced under the same deed of trust and promissory note ("*Carlton and Bishops Loan*") in the original principal amount of $237,000.00.[3] The Dacca Property was refinanced in the original principal amount of $131,250.00 under a separate deed of trust and promissory note ("*Dacca Loan*").[4]

3. On August 5, 2025, at 10:00 a.m., Silver City Lending, LLC ("*Silver City*") foreclosed on the Properties (the "*Foreclosure*").[5]

4. On August 5, 2025, (the "*Petition Date*") Debtor filed for bankruptcy protection under chapter 13 of the Bankruptcy Code[6] initiating the instant bankruptcy case.

5. In Schedule A/B, Debtor listed the Properties.[7]

6. On October 10, 2025, Silver City filed the instant "Opposed Motion For Relief From Stay Against Real Property Of Creditor, Silver City Lending, LLC" ("*Motion for Relief*").[8]

---

[2] ECF No. 46-2, 46-3.
[3] ECF No. 46-3.
[4] ECF No. 46-2.
[5] ECF No. 34, at 2-4.
[6] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e., §) thereof refers to the corresponding section in 11 U.S.C.
[7] ECF No. 15.
[8] ECF No. 34.

7.  On October 29, 2025, Debtor filed her "Response To Motion For Relief From Stay Against Real Property Of Creditor, Silver City Lending, LLC" ("*Response*").[9]

8.  On January 14, 2026, Debtor filed her "Brief."[10]

9.  On January 19, 2026, Silver City filed its "Reply Brief."[11]

10. On January 21, 2026, the Court held a hearing and now issues its instant Memorandum Opinion.

## II.   CONCLUSIONS OF LAW

### A.  Jurisdiction and Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[12] Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[13] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(G) this proceeding contains core matters, because it primarily involves a request for relief from the automatic stay under 11 U.S.C. § 362.[14] This proceeding is also core under the general "catch-all" language because such a suit is the type of proceeding that can only arise in the context of a bankruptcy case.[15]

This Court may only hear a case in which venue is proper.[16] 28 U.S.C. § 1408(a) provides that a bankruptcy case "may be commenced in the district court for the district in which the

---

[9] ECF No. 42.

[10] ECF No. 71.

[11] ECF No. 77.

[12] *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).

[13] 28 U.S.C. § 157(a); *see also Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

[14] *See* 11 U.S.C. § 157(b)(2)(G); 11 U.S.C. § 362(a); ECF No. 34, at 4-5.

[15] *See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under § 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.") (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)).

[16] 28 U.S.C. § 1408.

residence . . . of the person or entity that is the subject of such case [is] located." As of the Petition Date, Debtor resided in Houston, Texas,[17] and so venue of this proceeding is proper.

## B.  Constitutional Authority to Enter a Final Order

While bankruptcy judges can issue final orders for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters.[18] The instant Motion for Relief pending before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) because it primarily involves a request for relief from the automatic stay under 11 U.S.C. § 362. Accordingly, this Court concludes that the narrow limitation imposed by *Stern v. Marshall* does not prohibit this Court from entering a final order here.[19] Alternatively, this Court has constitutional authority to enter a final order because all parties in interest have consented, impliedly if not explicitly, to adjudication of this dispute by this Court.[20] None of these parties has ever objected to this Court's constitutional authority to enter a final order. These circumstances unquestionably constitute implied consent. Thus, this Court wields the constitutional authority to enter a final order here.

<h2 style="text-align:center">III.   ANALYSIS</h2>

The Court must analyze whether Debtor's bankruptcy filing implicates the automatic stay as to the Properties, which Debtor does not own, but on which she is a guarantor of the note.

## A. Texas Business Organizations Code § 101.106(b)

---

[17] ECF No. 1, at 1-2.

[18] *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015).

[19] *See, e.g.*, *Badami v. Sears (In re AFY, Inc.),* 461 B.R. 541, 547-48 (8th Cir. B.A.P. 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *see also Tanguy v. West (In re Davis)*, No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' . . . We decline to extend *Stern's* limited holding herein.") (citing *Stern v. Marshall*, 564 U.S. at 475, 503).

[20] *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1947 (2015) ("Sharif contends that to the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be expressed. We disagree. Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent . . . .").

Debtor does not have an interest in the Properties because they are owned by YCUL, which is a limited liability company ("*LLC*").[21] The basic purpose of incorporating an LLC is to "create a legal entity distinct from those natural individuals who created the corporation, who own it, or whom it employs."[22] Texas Business Organizations Code § 101.106(b) ("*Tex. Bus. Code*") provides that, "[a] member of a limited liability company or an assignee of a membership interest in a limited liability company does not have an interest in any specific property of the company."[23]

Here, Debtor is the owner and a member of YCUL, which is an LLC.[24] But because YCUL is an LLC, Debtor herself does not have an interest in any property owned by YCUL.[25] Therefore, since the Properties are owned by YCUL, Debtor does not have an interest in the Properties.[26] Debtor argues that she has an equitable interest in the Properties because she is the guarantor on the note for the Properties.[27] But being a guarantor does not mean Debtor has an interest in the Properties, rather it means she has an *obligation* with respect to the Properties.[28] Debtor has failed to present any evidence showing she has an *interest* in the Properties. Thus, under Tex. Bus. Code § 101.106(b), Debtor does not own the Properties. Next, the Court will examine whether the automatic stay will apply to the Properties.

**B. Application of 11 U.S.C. § 362(a) – The Automatic Stay**

---

[21] ECF No. 34, at 2.

[22] *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 159 (2001) (citing *United States v. Bestfoods*, 524 U.S. 51, 61–62 (1998).

[23] Tex. Bus. Org. § 101.106(b); *RLI Ins. Co. v. Caliente Oil, Inc.*, 469 F. Supp. 3d 729, 740 (W.D. Tex. 2020) ("Texas law recognizes that a limited liability company is a legal entity that is distinct from its members, and members do not have interests in the property of the company.") (citing *Sherman v. Boston*, 486 S.W. 3d 88, 94 (Tex. App.—Houston [14th Dist.] 2016, pet. denied)).

[24] ECF No. 34, at 2-4.

[25] Tex. Bus. Org. § 101.106(b); *Cedric Kushner Promotions*, 533 U.S. at 163.

[26] Tex. Bus. Org. § 101.106(b).

[27] ECF No. 71, at 1-2.

[28] *Republic Nat. Bank of Dall.*, 578 S.W.2D at 114 ("A true guaranty creates a secondary obligation whereby the guarantor promises to answer for the debt of another and may be called upon to perform once the primary obligor has failed to perform."); *Long v. NCNB-Texas Nat. Bank*, 882 S.W.2d 861, 867-68 (Tex. App.—Corpus Christi 1994) (finding that parties who were guarantors of real property did not have an interest in the real property).

When a bankruptcy petition is filed, an automatic stay is created that enjoins actions "against the debtor" and against "property of the estate" while the automatic stay is in effect.[29] 11 U.S.C. § 362(a) provides:

> [A] petition filed . . . operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

Thus, according to 11 U.S.C. § 362's plain language, the automatic stay only applies to property of the debtor and the bankruptcy estate.[30] 11 U.S.C. § 541 defines property of the bankruptcy estate as "all legal or equitable interests of the debtor in property as of the commencement of the case."[31]

---

[29] 11 U.S.C. § 362(a).

[30] *In re Giles-Flores*, 646 B.R. 787, 793 (Bankr. S.D. Tex. 2022) (furthermore, this Court has held, "[i]t is axiomatic that the automatic stay applies to property that is property of the estate. In [the Fifth] Circuit, the automatic stay also applies to property 'to which the debtor has . . . an arguable claim of right.'") (quoting *Brown v. Chesnut (In re Chesnut)*, 422 F.3d 298, 300 (5th Cir. 2005)).

[31] 11 U.S.C. § 541.

Here, the Properties are owned by YCUL, which is an LLC.[32] As of the Petition Date, Debtor was a member of the LLC; therefore, she did not have an interest in the Properties.[33] Thus, under 11 U.S.C. § 541, the Properties are not property of the bankruptcy estate. Therefore, under 11 U.S.C. § 362, the automatic stay does not apply to the Properties. Furthermore, because the automatic stay does not apply to the Properties, Silver City's foreclosure of the Properties on August 5, 2025, did not violate the automatic stay.[34]

Thus, for the reasons stated herein, the automatic stay does not apply to the three real properties located at (1) 3014 Dacca Drive, Houston, Texas 77051, (2) 10903 Carlton Drive, Houston, Texas 77047, and (3) 20019 Bishops Gate Lane, Humble, Texas 77338, and Silver City Lending, LLC's foreclosure of the three real properties on August 5, 2025, was not a violation of the automatic stay.

### IV.   CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

**SIGNED Friday, March 20, 2026**

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**

---

[32] ECF No. 34, at 2.

[33] ECF No. 34, at 2; *RLI Ins. Co.*, 469 F. Supp. 3d at 740.

[34] *In re Crane*, No. 24-60326-MMP, 2024 WL 3886609, at *2 (Bankr. W.D. Tex. Aug. 20, 2024) (holding that there was no violation of the automatic stay in the debtor's bankruptcy case when a lender foreclosed on real property owned by the debtor's LLC); *see also Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (holding that the bankruptcy automatic stay does not apply to non-debtor subsidiaries); *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001) ("Section 362 is rarely, however, a valid basis on which to stay actions against non-debtors.") (citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir.1983)).